**FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

0396908H
(Inmate Number)

Clarence S. Jupiter
(Name of Plaintiff)

Post Office Box 019001
(Address of Plaintiff)

Atwater, California 95301

vs.

Federal Bureau of Prisons
Marc A. Renda
A. Farley
(Names of Defendants)

3: CV 14-1024
(Case Number)

COMPLAINT

28 U.S.C. § 1331 FEDERAL OFFICIALS

FILED WILLIAMSPORT
MAY 28 2014
PER ___ DEPUTY CLERK

TO BE FILED UNDER: ___ 42 U.S.C. § 1983 - STATE OFFICIALS
✓ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. Previous Lawsuits

   A. If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

No. 3:10-CV-1968 Jupiter vs. Johnson, et al. WAS BEFORE: Judge Kosik and Magistrate Judge Smyser.

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?
      ✓ Yes ___ No

   B. Have you filed a grievance concerning the facts relating to this complaint?
      ✓ Yes ___ No

      If your answer is no, explain why not _____

   C. Is the grievance process completed? ✓ Yes ___ No

### III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names, positions and places of employment of any additional defendants.)

A. Defendant _Acting DHO A. FARLEY_ is employed as _Unit Manager_ at _CANAAN U.S. Penitentiary_

B. Additional defendants

_DHO MARC A. RENDA_
_J.L. NORWOOD, Regional Director_
_HARRELL WATTS, General Counsel_

### IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1.

The Federal Bureau Of Prisons is responsible for the behavior of federal employees while acting within the scope of his or her employment. On April 11, 2012, at approximately 12:47 PM a hearing was conducted by U.S.P Canaan DHO Marc A. Renda. The record will reflect that at the initial hearing conducted by acting DHO Farley in 2010, I had contended that code 197 cannot be supported by the evidences provided. I had also contended that I was neither granted my credible witness nor was I granted requested staff representative of my choice rendered onto a copout dated October 21, 2010 and November 2, 2010, nor did he launched an investigation into my complaint dated October 13, 2010, nor did he consider or admitt my documentary evidence as to numerous procedural violations.

(Continuing next page...)

2

On or about November 23, 2010, before acting DHO Farley I had contended that code 197 is not conspiring to use the telephone to further criminal activity nor is it aiding another person to use the telephone in criminal activity. I, Clarence S. Jupiter did not USE the phone in any criminal activity because code 197 is USE of the phone to further criminal activity. The policy of the B.O.P. Inmate Handbook States and maintains that, "phone access code is considered an item of value for the purpose of Inmate discipline, the giving to another inmate or the possessing of another inmate's PAC is in the moderate category (300) of prohibited acts".

"IF" I did commit the prohibited act of giving the phone access code to another inmate, (which I did not do) then pursuant to the Bureau Rules and Regulations, that prohibited act falls under the moderate severity category codes. Thus, the incident report should have been written as a violation of code 304 or 328 not code 197.

On or about April 11, 2012, a new hearing was conducted by DHO Marc A. Renda. The record will reflect that numerous procedural errors have occurred, not only by acting DHO Farley, but also by DHO Marc A. Renda. On the day of my new hearing I had elected to waive my right for staff representative. Jupiter called as a witness Ellis, Reg. #48385-054; however, Ellis was confined at another facility, so his statement was obtained by the DHO. Ellis stated, "yeah, I took his (Jupiter) PACnumber and he didn't know I had it". Because Ellis had admitted to taking Jupiter's PAC number, Jupiter had requested that the charge (297 or 197) be expunged from his record and all rights withdrawn to be restored.

(Continuing on the next page...)

On numerous occasion I had requested for a copy of the DHO report on cop-outs dated, December 5, 2010, December 7, 2010, December 12, 2010 and January 27, 2010, to no availed. The Bureau Of Prisons policies provides that following a action by DHO decision, ordinarily within ten (10) days of that decision an inmate will received a copy of the DHO report. It has been routine and systematic at U.S.P. Canaan for the DHO to provide the inmate population with copies of the DHO report only after many months have elapsed. Indeed, in my case, it had been well over the ten (10) days " ordinary " period. In fact, over five (5) months had elapsed and acting DHO Farley did not provided me with a copy of the DHO report.

The plaintiff informed defendants J. L. Norwood and Harrell Watts through the administrative remedy request that procedural errors have occurred and that code 197 cannot be supported by the evidences provided. The Regional Director and General Counsel has exhibited deliberate indifference to the rights of Jupiter by failing to act on information indicating that unconstitutional acts were occurring. Both Mr. Norwood and Watts can exercise their authority by taking the needed action to investigate and , if necessary, to rectify the offending condition.

V.  Relief

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.) For the charge 247 or 197 expunged from their record and all rights restored and restraint from Further retailatory infractions

There are lots of injustices taking place under the Federal Bureau of Prisons (FBOP). It is the courts who must take the responsibility for finding and putting to good use the TRUTH. To stop the systematic harassment and abuse of authority by law enforcement officials in the F.B.O.P.

They cannot ignore the rules of BOP because when one is not in step with policy, one must suffer some kind of chastisement for knowing the policies and then neglecting the knowledge that one has of the policies of good and protection. They should be reminded that anything that they do most be in accord with Law and Policies.

To launch an investigation into the matter and find the truth — then demote or layoff unit manager A. Farley and DHo Marc A. Renda.

MAKE SURE JUSTICE DOESN'T HAVE AN EXPIRATION DATE!

Signed this __17__ day of __May__, 20_14_.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

__May 17, 2014__      _____
(Date)                (Signature of Plaintiff)

3

FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS COMPLAINT
UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331

COVER SHEET

**THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The cost for filing a civil rights complaint is $350.00.

If you do not have sufficient funds to pay the full filing fee of $350.00 you need permission to proceed *in forma pauperis*. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

1) the average monthly deposits to your prison account for the past six months; or

2) the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $350.00. (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. Check here if you are submitting the filing fee with the complaint form. ____

2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. <u>You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court</u>. Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees. ✓

Please Note: If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending. Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages. The restitution orders must be fully paid before any part of the award goes to you.

DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS